**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| THERESA SLOAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Cause No.: | |
| | ) | |
| REPUCARE, INC. | ) | |
| | ) | |
| Defendant, | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    NATURE OF THE CASE

1.      This is an action brought by Plaintiff, Theresa Sloan ("Sloan"), by counsel,

against Defendant, RepuCare, Inc. ("Defendant") alleging violations of Title VII of the Civil

Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 *et seq.*

### II.    PARTIES

2.      Sloan is a resident of Marion County, Indiana, who at all relevant times to this

action resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant is an Indiana For-Profit Corporation that routinely conducts business

within the geographical boundaries of the Southern District of Indiana.

### III.    JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(e).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and

29 U.S.C. § 203(d).

6.     Sloan was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. § 203(e)(1).

7.     Sloan satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race. Sloan received her Notice of Suit Rights and timely files this action.

8.     Sloan satisfied her obligation to exhaust her administrative remedies having timely filed a second Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging retaliation for engaging in protected activity. Sloan received her Notice of Suit Rights and timely files this action.

9.     A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV.     FACTUAL ALLEGATIONS

10.     Sloan, a Caucasian woman, was hired by Defendant on or about May 2016, as an Addiction Recovery Specialist at Miami Correctional Facility in Bunker Hill, Indiana.

11.     In or around December 2016, Sloan was promoted to Lead, Addiction Recovery, at Chain O'Lakes location in Albion, Indiana.

12.     In or around August 2018, Sloan returned to Miami Correctional Facility as an Addiction Recovery Specialist.

13.     At all relevant times, Sloan met or exceeded Defendant's legitimate performance expectations.

14.     In or around October 2018, a Director position became available at the Miami Correctional Facility.

15.     Sloan applied for said position in or around December 2018.

16.     After applying, Sloan reached out to Jayson Harvey, an African American, who was the Interim Director of Addiction Recovery at the Miami Correctional Facility for more information on the position.

17.     Harvey was Sloan's direct supervisor.

18.     Harvey stated that the Miami facility was much larger and rougher than the Chain O'Lakes facility and that a man was needed to run the facility.

19.     In or around December 2018/January 2019, Sloan engaged in protected activity when she complained to Chris Hufford, the Regional Director of Addiction Recovery Specialists, to discuss the position and Harvey's gender-based comments regarding wanting to promote a male to the Director position.

20.     Hufford stated that he would instruct Harvey to begin giving Sloan tasks in order to grow her ability to supervise to potentially prepare her for the Program Director position at the Miami Correctional Facility.

21.     Following said meeting, Harvey began to make belittling comments to Sloan.

22.     Harvey was subsequently promoted to Regional Director of Addition Recovery Specialists and replaced Hufford.

23.     In or around February 2019/ March 2019, Sloan was at an office lunch with Harvey.

24.     At said lunch, Sloan mentioned that she recently went through a break-up with her African American boyfriend.

25.     Harvey stated that he did not like white women that dated black men, that white women do it as a "phase," and that white women simply want a "taste" of African American culture.

26.     In or around February 2019/March 2019, Sloan asked Harvey if he was considering interviewing her for the Program Director position.  Harvey replied that they would contact her for an interview, when they began to seriously consider her for the position.

27.     In or around March 2019, Harvey wrote up Sloan for unprofessional attitude and failing to perform her job.

28.     At that time, Sloan had been employed by Respondent for 3 years and did not receive any disciplinary actions for any such behavior.

29.     On or about May 2019, Harvey filled the Program Director position with a male, Brian Fontaine.

30.     Sloan was terminated on June 14, 2019.

31.     The Defendant's stated reason was that she had violated the Code of Conduct Policy.

32.     The Defendant's stated reason is a pretext for discrimination based on race and retaliation for Sloan's having engaged in a protected activity.

## V.     CAUSES OF ACTION

### COUNT I: TITLE VII - RACE

33.     Sloan hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint.

34.     Defendant discriminated against Sloan on the basis of her race.

35.     Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

36.     Defendant's actions were willful, intentional and done with reckless disregard for Sloan's legally protected rights.

37.     Sloan has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII -- RETALIATION

38.     Sloan hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint.

39.     Sloan engaged in protected activity under Title VII.

40.     Defendant terminated Sloan's employment because she engaged in activity protected by Title VII.

41.     Defendant's actions were intentional, willful, and in reckless disregard of Sloan's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

42.     Sloan suffered damages as a result of Defendant's unlawful actions.

## VI.     REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Theresa Sloan, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1)  Reinstate Sloan to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Sloan of front pay in lieu thereof;

2)  All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful action(s);

4) Compensatory damages for the Defendant's violations of Title VII and retaliation;

5) Punitive damages for the Defendant's violations of Title VII and retaliation;

6) All costs and attorney's fees incurred as a result of bringing this action;

7) Pre- and Post-Judgement interest on all sums recoverable; and

8) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,


By:   /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812)424-1000
Facsimile: (812)424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Theresa Sloan*


## DEMAND FOR JURY TRIAL

Plaintiff, Theresa Sloan, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,


By:   /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER,
LLC 411 Main Street
Evansville, IN 47708
Telephone: (812)424-1000
Facsimile: (812)424-1005

Email: ad@bdlegal.com
*Counsel for Plaintiff, Theresa Sloan*